CANADY, J.,
concurring.
Since 1998 — when the Legislature adopted the statutory provisions relating to registry counsel — section 27.711(l)(e), Florida Statutes, has contained a definition .of “[p]ostconviction capital collateral proceedings” which makes specific reference to “any authorized federal habeas corpus litigation with respect to [a] sentence [of death].” (Emphasis added.) The definition makes reference to no other federal collateral proceedings. This statutory definition became effective after State ex rel. Butterworth v. Kenny, 714 So.2d 404 (Fla. *660 1998), was decided and thus was not considered by the Court in that case. Under the definition of postconviction capital collateral proceedings adopted by the Legislature, a section 1983 lawsuit is simply not included among those proceedings for which collateral representation may be made available pursuant to chapter 27, Florida Statutes.
Although section 27.711(l)(c) is contained in the portion of part IV of chapter 27 that deals specifically with registry counsel, it nonetheless is relevant to the scope of the representation to be afforded not only by registry counsel but also by capital collateral regional counsel and other counsel appointed pursuant to part IV of chapter 27. This is evident from the fact that the express legislative objective for providing registry counsel is the same as it is for providing other collateral counsel. Section 27.7001 specifically includes the statutory provisions relating to registry counsel within its statement of legislative intent. The broad statement of legislative intent encompassing registry and other collateral counsel is then directly linked with the specific statement of intent identifying the limitations on collateral representation contained in the last sentence of the section.
The relevance beyond the context of registry counsel of the definition in section 27.71 l(l)(c) is also evident from the specific provision the Legislature made in section 27.701(2) for “the responsibilities of the regional office of capital collateral counsel for the northern region” to “be met through a pilot program using only attorneys from the registry of attorneys maintained pursuant to s. 27.710.” If the scope of representation available from registry counsel were narrower than the scope of representation available from capital collateral regional counsel, it would be impossible for registry counsel to meet “the responsibilities of the regional office of capital collateral counsel” as contemplated by section 27.701(2).
In short, the statutory context points compellingly to the conclusion that the definition of “[pjostconviction capital collateral proceedings” contained in section 27.711(l)(c) reflects a legislative understanding of the meaning of the limitations earlier set forth in section 27.7001 — precluding “civil litigation” — rather than a legislative decision to impose a new special limitation that is only applicable to registry counsel. The definition in section 27.711(l)(c) thus is a positive statement of what the Legislature had previously stated negatively in the last sentence of section 27.7001.
The reasoning of Butterworth concerning the constitutionality of limitations on state-compensated capital postconviction representation fully justifies the rejection of Cox’s claim that section 27.7001 is unconstitutional.